U.S. Court of Appeals No. 24-5998
(U.S.D.C. No. 2:21-cv-6841-JGB (SPx)

IN THE

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

_____

BREONNAH FITZPATRICK et al., individuals and as
class representatives,

Plaintiffs and Appellants,

vs.

CITY OF LOS ANGELES et al.,

Defendants-Appellees.

_____

On Appeal from the District Court for the
Central District of California,
Honorable Jesus G. Bernal, presiding

_____

## APPELLANTS' OPENING BRIEF

_____

**DONALD W. COOK** CSB 116666
ATTORNEY AT LAW
3435 Wilshire Blvd., Suite 2910
Los Angeles, CA 90010
(213) 252-9444 (Phone); (213) 252-0091 (Fax)
Email: manncook@earthlink.net
Attorney for Appellants

00162318.WPD

TABLE OF CONTENTS

Page

Table of Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

OVERVIEW . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

JURISDICTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

ISSUES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

STATEMENT OF THE CASE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

    *The Complaints.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
    *The Summary Judgment rulings.* . . . . . . . . . . . . . . . . . . . . . . . . . . 9
    *Class Certification* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10
    *Denial of F.R.Cv.P. 6(b)(1)(B) Relief.* . . . . . . . . . . . . . . . . . . . . 10
    *The Offer of Judgment.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

STANDARDS OF REVIEW . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

I.    The Seizure and Impoundment of McCarty's Vehicle Violated The
     Fourth and Fifth Amendments. . . . . . . . . . . . . . . . . . . . . . . . . . 12

II.   The Denial Of The Class Certification Motion As Untimely Was An
     Abuse Of Discretion. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

III.  The Denial Of Plaintiffs' Motion For F.R.Cv.P. 6(b)(1)(B) Motion
     Violated Due Process. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

    1. No Prejudice To Defendants. . . . . . . . . . . . . . . . . . . . . . . 18
    2. Length of Delay / Impact On Proceedings. . . . . . . . . . . . . 22
    3. Reason For The Delay / Movants' Good Faith. . . . . . . . . . . 25

IV.  Conclusion. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 29

STATEMENT OF RELATED CASE(S) . . . . . . . . . . . . . . . . . . . . . . . 30

CERTIFICATE OF COMPLIANCE . . . . . . . . . . . . . . . . . . . . . . . . . 31

CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 32

00162318.WPD

Table of Authorities

Pages

*Cases*

*Bateman v. United States Postal Serv.*,
　231 F.3d 1220 (9th Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

*Brewster v. Beck*,
　859 F.3d 1194 (9th Cir. 2017) . . . . . . . . . . . . . . . . . . . . . . . . 14, 19

*Brewster v. City of Los Angeles*,
　672 F.Supp.3d 872 (C.D. Cal. 2023) . . . . . . . . . . . . . . . . . . . . . . . 14

*Briones v. Riviera Hotel & Casino*,
　116 F.3d 379 (9th Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

*Cady v. Dombrowski*,
　413 U.S. 433 (1973) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Committee for Idaho's High Desert, Inc. v. Yost*,
　92 F.3d 814 (9th Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

*Dahl v. City of Huntington Beach*,
　84 F.3d 362 (9th Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

*Franchise Holding II, LLC v. Huntington Restaurants Group, Inc.*,
　375 F.3d 922 (9th Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . 18, 25

*Hyde v. City of Wilcox*,
　23 F.4th 863 (9th Cir. 2022) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*In re: Prime Healthcare ERISA Litigation*,
　8:20-cv-1529-JLS-JDE (C.D. Cal. 2023) . . . . . . . . . . . . . . . . 14, 28

*Jimenez v. Allstate Isn. Co.*,
　765 F.3d 1161 (9th Cir. 2014) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Levya v. Medline Indus.*,
　716 F.3d 510 (9th Cir. 2013) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

*Leyva v. Medline Industries Inc.*,
　716 F.3d 510 (9th Cir. 2013) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

*Link v. Wabash R. Co.*,
　370 U.S. 626 (1962) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

00162318.WPD

*Miranda v. City of Cornelius,*
    429 F.3d 858 (9th Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . 12, 14

*Pioneer Investment Services Co. v. Brunswick Assoc. Ltd. Partnership,*
    507 U.S. 380 (1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . 16-18, 24

*Pryor v. Aerotek Sci., LLC,*
    278 F.R.D. 516 (C.D. Cal. 2011) . . . . . . . . . . . . . . . . . . . . . . . 26

*Pulaski & Middleman, LLC v. Google, Inc.,*
    802 F.3d 979 (9th Cir. 2015) . . . . . . . . . . . . . . . . . . . . . . . . . 20

*Sandoval v. County of Sonoma,*
    912 F.3d 509 (9th Cir. 2018) . . . . . . . . . . . . . . . . . . . . . . . . . 19

*South Dakota v. Opperman,*
    428 U.S. 364 (1976) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Speiser, Krause & Madole P.C. v. Ortiz,*
    271 F.3d 884 (9th Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . 18

*Vaquero v. Ashley Furniture Industries, Inc.,*
    824 F.3d 1150 (9th Cir. 2016) . . . . . . . . . . . . . . . . . . . . . . . . 20

00162318.WPD

*Constitution/Statutes/Rules of Court*

Cal. Veh. Code § 22651 . . . . . . . . . . . . . . . . . . . . . . . . 12, 15, 19-21, 24

Cal. Veh. Code § 40000 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Cal. Veh. Code § 40000.1 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Cal. Veh. Code § 40000.28 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Federal Rules of Appellate Procedure 4 . . . . . . . . . . . . . . . . . . . . . . . 7

Federal Rules of Bankruptcy Procedure 9006 . . . . . . . . . . . . . . . . . . 18

Federal Rules of Civil Procedure 12 . . . . . . . . . . . . . . . . . . . . . . . 9, 11

Federal Rules of Civil Procedure 23 . . . . . . . . . . . . . . . . . . . . 7, 18, 26

Federal Rules of Civil Procedure 34 . . . . . . . . . . . . . . . . . . . . . . . . . 15

Federal Rules of Civil Procedure 56 . . . . . . . . . . . . . . . . . . . . . . . 9, 15

Federal Rules of Civil Procedure 6 . . . . . . . . . . . . . 7, 10, 11, 16, 18, 26

Title 28, United States Code § 1291 . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Title 42, United States Code § 1983 . . . . . . . . . . . . . . . . . . . . . . . . 6, 8

U.S. Const., Amend. IV . . . . . . . . . . . . . . . . . . . . . . 10, 12, 14, 15, 22

U.S. Const., Amend. V . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 12, 14, 15

00162318.WPD

## OVERVIEW

This proposed class action lawsuit under 42 U.S.C. § 1983 and state law arises from a city policy to seize vehicles without warrants or other judicial review, and in the absent of constitutional justification. The trial court adjudicated the individual merits of the claims of all three Plaintiffs – the impounds of Plaintiffs Fitzpatrick and Officer's respective vehicles were unlawful whereas the impound of Plaintiff McCarty's vehicle was justified. But on the motion for certifying Plaintiffs' class damages claims, the trial court refused to address the merits; instead, the court denied certification on grounds Plaintiffs' motion as untimely.

This appeal raises two basic claims. First, the court erred as a matter of law in claiming that Plaintiffs' class certification motion was untimely; second, Plaintiff McCarty stated valid claims for a wrongful impound of his vehicle without warrant or other judicial review and thus his claims should be reinstated.

00162318.WPD

## JURISDICTION

The district court's Judgment was entered September 23, 2024. 1-ER[1]-2. Plaintiffs filed their Notice of Appeal September 30, 2024. 2-ER-177, 316 (ECF 160). The appeal is thus timely and this Court has jurisdiction. 28 U.S.C. § 1291; Fed.R.App.Proc. 4(a)(1)(A).

## ISSUES

1. Was the initial seizure and subsequent impound of Plaintiff McCarty's vehicle for expired registration in excess of six months unconstitutional where:

    A. The vehicle was lawfully parked and did not pose a traffic hazard;

    B. Plaintiff McCarty, a licensed driver, was present with the vehicle when it was seized; and

    C. The seizures were without a warrant or other judicial review?

2. Was Plaintiffs' class certification motion timely where:

    A. the trial court had not set a deadline for filing for class certification;

    B. Plaintiffs carried their burden in establishing their entitlement to certification of a F.R.Cv.P. 23(b)(3) damages class;

---

[1] "ER" refers to Appellants' Excerpts of Record.

00162318.WPD

and

    C. Defendants had no substantive opposition to certification of the damages class?

3. Did the trial court err in refusing to grant relief under F.R.Cv.P. 6(b)(1)(B) where:

    A. The trial court had not set a deadline for filing a motion for class certification;

    B. Given this trial court's practice in setting dates, Plaintiffs' counsel reasonably believed the filing of the class certification motion was timely; and

    C. In the absence of a deadline for filing a class certification motion, denying Plaintiffs' motion as untimely violates due process?

## STATEMENT OF THE CASE

*The Complaints.*

Under 42 U.S.C. § 1983 and state law, Plaintiff Breonnah Fitzpatrick sued defendants the City of Los Angeles ("City") and its Department of Transportation ("LADOT"), claiming that in violation of constitutional guarantees, defendants impounded her vehicle for unpaid parking citations. She sued as both an individual seeking damages for wrongful impound of her vehicle, and as a class representative for a damages class of similarly situated vehicle owners. 2-ER-285-98

00162318.WPD

(Complaint). She was later joined by two additional Plaintiffs, Christopher Officer and Timothy McCarty. Defendants seized Officer's vehicle for unpaid parking citations while McCarty's vehicle was seized for expired vehicle registration in excess of six months. Second Amended Complaint ¶¶20-23 (Officer - see 2-ER-271-72); ¶¶24-29 (McCarty - see 2-ER-272-74).

On defendants' F.R.Cv.P. 12(b)(6) motions, the trial court rejected defendants' challenges to the claims of Plaintiffs Fitzpatrick and Officer. However, as to Plaintiff McCarty, the court dismissed his claims, ruling that seizing a vehicle for expired registration in excess of six months was justified. *See* 1/20/22 Order (1-ER-157-68) (denying defendants' motion to dismiss Fitzpatrick's claims); 9/16/22 Order (1-ER-124-37) (mostly upholding the claims of Fitzpatrick and Officer but dismissing the claims of McCarty).

*The Summary Judgment rulings.*

Under F.R.Cv.P. 56, the two remaining Plaintiffs Fitzpatrick and Officer moved for partial summary judgment contending that the impounds of their respective vehicles without warrant or other judicial review, violated their constitutional rights. Regarding Plaintiff Fitzpatrick, the court ruled both the initial seizure and subsequent impound of her vehicle was unlawful as a matter law. As to Plaintiff Officer, the court ruled that the facts were disputed on whether the

vehicle's *initial* seizure was justified; however, the court ruled that the continued impoundment of the vehicle violated the Fourth and Fifth Amendments. 6/13/24 Order (1-ER-33-39).

*Class Certification*

Two weeks after filing for partial summary judgment, Plaintiffs also filed a motion for class certification.[2] In their moving papers Plaintiffs satisfied the elements for a damages class certification. 2-ER-192-201; *see also* 2-ER-204-05 (evidence showing that it was defendants' policy to impound vehicles for unpaid parking citations notwithstanding the absence of constitutional justification for seizing and impounding the vehicles.). Significantly, in opposing class certification defendants offered no substantive argument on the merits of class certification; rather, defendants complained the motion was untimely even though the trial court had not set a deadline for filing for class certification. 2-ER-188-90.

Without reaching the merits of class certification the trial court denied Plaintiffs' motion as untimely. 6/14/24 Order (1-ER-17-23).

*Denial of F.R.Cv.P. 6(b)(1)(B) Relief.*

Following the denial of class certification, Plaintiffs sought relief

---

[2] The summary judgment motion was filed May 6, 2024; the class certification motion was filed May 20, 2024. 2-ER-312 (ECF 116 - summary judgment motion); 2-ER-313 (ECF 121 - class certification motion).

00162318.WPD

under F.R.Cv.P. 6(b)(1)(B) on grounds of "excusable neglect."[3] 2-ER-178-182. The court denied Rule 6(b)(1)(B) relief. 7/17/24 Order (1-ER-9-15).

*The Offer of Judgment.*

Once the issue of class certification was resolved adverse to Plaintiffs, defendants made an offer of judgment on the individuals claims of Plaintiffs Fitzpatrick and Officer, an offer Plaintiffs accepted though without prejudice to pursuing their appellate rights on the class certification claims. 2-ER-316 (ECF 9/10/24).

## STANDARDS OF REVIEW

*The Rule 12(b)(6) Dismissal of Plaintiff McCarty's Claims. De Novo.* *Hyde v. City of Wilcox*, 23 F.4th 863, 869 (9th Cir. 2022) (Complaint's factual allegations are accepted as true.).

*Denial of Class Certification.* Abuse of discretion. *Jimenez v. Allstate Isn. Co.*, 765 F.3d 1161, 1164 (9th Cir. 2014): "A class certification order is an abuse of discretion if the district court applied an incorrect legal rule or if its application of the correct legal rule was based on a factual finding that was illogical, implausible, or without support in inferences that may be drawn from the facts in the record." (Cleaned up.)

---

[3] In relevant part the Rule states that a court "may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect."

## ARGUMENT

## I. The Seizure and Impoundment of McCarty's Vehicle Violated The Fourth and Fifth Amendments.

Because Plaintiff McCarty's vehicle's registration had expired more than six months earlier, relying on state law defendants impounded it. *See* Cal. Veh. Code § 22651(o)(1)(A)(i).[4] But where as here a municipality seizes a vehicle without a warrant, there must be Fourth Amendment "community caretaking" for justification of the warrantless seizure. *See Miranda v. City of Cornelius*, 429 F.3d 858, 862-65 (9th Cir. 2005). Expired registration was *not* community caretaking justification. Mr. McCarty's vehicle was "not impeding traffic or jeopardizing public safety and convenience," "not blocking a driveway or crosswalk or otherwise preventing the efficient movement of traffic," and were "not creating a public safety hazard, nor [were they] target[s] for vandalism or theft." 2-ER-272-73 (¶26).

It matters not that McCarty's vehicle had expired registration in

---

[4] In relevant part that vehicle code section states a vehicle is subject to impound "If a vehicle is found or operated upon a highway, public land, or an offstreet parking facility . . . [w]ith a registration expiration date in excess of six months before the date it is found or operated on the highway, public lands, or the offstreet parking facility."

00162318.WPD

violation of Cal. Veh. Code § 40000.[5] A violation of § 40000 is either an infraction or misdemeanor depending on the registered owner's conviction record. Cal. Veh. Code § 40000.1 (Unless otherwise stated, violation of vehicle code is an infraction)) § 40000.28 (Violation of § 40000 is a misdemeanor if in the 12 months preceding the § 40000 violation, the person has three or more prior violations of the vehicle code or of a local ordinance adopted pursuant to the vehicle code.).

Because Cal. Veh. Code § 40000 is a *penal* statute, impounding Mr. McCarty's car for an alleged violation of § 40000 is seizing his vehicle *in order to enforce a penal statute*. But the community caretaking function is "*totally divorced* from the detection, investigation, or acquisition of evidence relating to the violation of a criminal statute." *Cady v. Dombrowski*, 413 U.S. 433, 441 (1973) (emphasis added); *see also South Dakota v. Opperman*, 428 U.S. 364, 371 (1976) (Disapproving use of

---

[5] In relevant part § 4000, subdivision (a)(1), states:

A person shall not drive, move, or leave standing upon a highway, or in an offstreet public parking facility, any motor vehicle, trailer, semitrailer, pole or pipe dolly, or logging dolly, unless it is registered and the appropriate fees have been paid under this code or registered under the permanent trailer identification program, except that an off-highway motor vehicle which displays an identification plate or device issued by the department pursuant to Section 38010 may be driven, moved, or left standing in an offstreet public parking facility without being registered or paying registration fees.

00162318.WPD

community caretaking as "a subterfuge for criminal investigation.");
*Miranda*, 429 F.3d at 864 (explaining that community caretaking is not a
function of criminal law enforcement).

Therefore, Mr. McCarty stated a claim for an unconstitutional
impoundment of his vehicle, a violation of the Fourth Amendment (seizure
without a warrant, *see Brewster v. Beck*, 859 F.3d 1194, 1196-97 (9th Cir.
2017), and the Takings Clause of the Fifth Amendment, *see Brewster v.
City of Los Angeles*, 672 F.Supp.3d 872, 973-76 (C.D. Cal. 2023).

## II. The Denial Of The Class Certification Motion As Untimely Was An Abuse Of Discretion.

In its June 14, 2024 Order the trial court denied Plaintiffs' class
certification motion as untimely because it was filed two weeks after the
cut-off date for filing *dispositive* motions for hearing no later than June 3,
2024. 1-ER-22-23. This was an abuse of discretion.

*First*: Neither scheduling order (1-ER-144 & 1-ER-44-45) set a
deadline for filing a class certification motion. The only motion filing
deadlines were for (a) motion to amend pleadings; (b) discovery compliance
motions; and (c) dispositive motions (ECF 56 @ 1:19-20 [dispositive
motions]. 1-ER-44 & 1-ER-@ 144). Thus, just as the court ruled in *In re:
Prime Healthcare ERISA Litigation*, 8:20-cv-1529-JLS-JDE, the untimely
argument fails because "[t]he scheduling order[s] in this case did not set

a filing deadline specific to motions for class certification." ECF 190 filed 12/28/23 in 8:20-cv-1529 @ page 5.

*Second*: As was shown by Plaintiffs' evidence submitted in support of their Rule 56 motion and class certification motion, both are supported by substantial evidence largely obtained through Rule 34 production requests and subpoenas on third parties served in this case and the related *Brewster* litigation (5:14-cv-2257 JGB) (reported at 859 F.3d 1194).

*Third*: A claim that the filing for class certification "forces the City to carve time out of its trial preparation to oppose the motion" and/or is " 'causing significant delay in the litigation' " as defendants argued, was meritless. Neither the trial court nor defendants not identified in any way how defendants were prejudiced or how the class certification filing delayed the litigation. Defendants' vehicle impound policy under Cal. Veh. Code § 22651(i) is undisputed. Defendants never disputed the numbers of vehicles so impounded, why they were impounded, or the source documentation, all of which are derived from defendants' records.[6] Defendants made no argument against the common issues based on Fourth and Fifth Amendment violations pursuant to defendants' impound

---

[6] The data on the City-directed impounds all come from defendants' records (both paper and computer data) none of which defendants disputed. 2-ER-194-95 (¶¶2, 4).

policy. Indeed, that defendants' belated untimeliness argument (it was not raised in the parties' settlement conference[7]) was conspicuously silent on numerosity, commonality, typicality or ascertainability of the class and its members, was the defense implicit concession that all these issues favored class certification.

## III. The Denial Of Plaintiffs' Motion For F.R.Cv.P. 6(b)(1)(B) Motion Violated Due Process.

In relevant part F.R.Cv.P. 6(b)(1)(B) states a court may extend time "for good cause" "on motion made after the time has expired if the party failed to act because of excusable neglect." Regarding "excusable neglect," "it is clear that 'excusable neglect' under Rule 6(b) is a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant." *Pioneer Investment Services Co. v. Brunswick Assoc. Ltd. Partnership*, 507 U.S. 380, 392 (1993) (footnote omitted). Thus, in *Pioneer Investment*, an experienced bankruptcy attorney failed to timely file his creditor client's proof of claim by the bar date (claim filed nearly three weeks late) because the attorney received the notice of the filing deadline "at a time when he was experiencing 'a major and significant disruption' in his professional life caused by his withdrawal from his former law firm." 507 U.S. at 384. The Sixth Circuit

---

[7] *See* 2-ER-184 (¶2).

reversed the lower courts' denial of relief based on excusable neglect; the Sixth Circuit held that given the absence of prejudice to the opposing party (the debtor) coupled with an "ambiguity" in the claim notice filing deadline, the creditor had established excusable neglect that mandated relief. 507 U.S. at 386-87. The Supreme Court granted review to resolve the meaning of "excusable neglect," and upheld the Sixth Circuit's ruling:

> [B]y empowering the courts to accept late filings "where the failure to act was the result of excusable neglect," Rule 9006(b)(1), Congress plainly contemplated that the courts would be permitted, where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control."

507 U.S. at 388.

*Pioneer Investment* went on to hold that the Court was "in substantial agreement with the factors identified by the Court of Appeals," 507 U.S. at 395, and that the Circuit Court had "correct[ly]" reached the right conclusion, *id.*, at 397. Among the factors mandating relief was the absence of any prejudice to the debtor or disruption to efficient judicial administration along with a "dramatic ambiguity" in the notice of bar date. Id., at 397-98.

Though *Pioneer Investment* concerned "excusable neglect" as used

in Bankruptcy Rule 9006(b)(1), the same standard applies for F.R.Cv.P. 6(b)(1)(B)'s "excusable neglect." *Speiser, Krause & Madole P.C. v. Ortiz*, 271 F.3d 884, 888 (9th Cir. 2001); *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir. 1997); *Committee for Idaho's High Desert, Inc. v. Yost*, 92 F.3d 814, 825 n.4 (9th Cir. 1996).

For Rule 6(b)(1)(B) relief, four factors are considered: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith. *Bateman v. United States Postal Serv.*, 231 F.3d 1220, 1223–24 (9th Cir. 2000) (citing same four factors *Pioneer* identified); *Franchise Holding II, LLC v. Huntington Restaurants Group, Inc.*, 375 F.3d 922, 927 (9th Cir. 2004). These factors all cut in Plaintiffs' favor:

1. No Prejudice To Defendants. From its inception this case asserted class claims, largely tracking similar class claims against the same defendant (City of Los Angeles) represented by the same attorneys in the related *Brewster* litigation. Defendants never seriously challenged the certification of a Rule 23 damages class. During every discussion among counsel regarding this case, defendants have never suggested that there was an issue regarding whether a Rule 23(b)(3) class would be certified. *See* 2-ER-184 (¶2); 2-ER-179 (¶3). Furthermore, in opposing the class

00162318.WPD

certification motion defendants' argument was almost entirely procedural – the motion was filed two weeks late. 2-ER-185-89.

Defendants' only substantive argument for opposing class certification was in a single paragraph in which defendants claimed Plaintiffs Fitzpatrick and Officer did not qualify as class representatives since they did not pay towing and storage fees to retrieve their vehicles (2-ER-190 @ ls. 3-13). The argument was plainly without merit. Like all class members Plaintiffs' vehicles were subjected to prolonged impounds without warrants or judicial review, pursuant to defendants' policy to force payment of unpaid parking citations via Cal. Veh. Code § 22651(i) impoundments. Thus, like all class members Plaintiffs suffered the same injury – loss of use of their vehicles. And the only reason Plaintiffs were able to retrieve their vehicles without payment of the vehicle towing and storage charges – the difference that defendants emphasize – is because for Ms. Fitzpatrick the trial court granted her TRO application (9/10/21 Order [1-ER-169-74]), while for Mr. Officer defendants' attorneys recognized that given the rulings in *Brewster v. Beck*, 859 F.3d 1194 (9th Cir. 2017) and *Sandoval v. County of Sonoma*, 912 F.3d 509 (9th Cir. 2018), the ongoing impoundment of Mr. Officer's vehicle was unconstitutional. In any event, Ms. Fitzpatrick and Mr. Officer – like all class members – lost the use of their vehicles. So long as Plaintiffs'

"damages stemmed from the defendant's actions that created the legal liability" the "presence of individualized damages cannot, by itself, defeat class certification under Rule 23(b)(3)." *Levya v. Medline Indus.*, 716 F.3d 510, 514 (9th Cir. 2013), *accord, e.g., Pulaski & Middleman, LLC v. Google, Inc.*, 802 F.3d 979, 988 (9th Cir. 2015); *Vaquero v. Ashley Furniture Industries, Inc.*, 824 F.3d 1150, 1154-55 (9th Cir. 2016) ("our precedent is well settled on this point").

Should defendants renew their claim that the late-filed class certification motion prejudiced defendants in their ability to prepare for trial, that too fails. The delay was only two weeks. Had the motion been filed two weeks earlier on May 6, 2024 for hearing on the June 3, 2024 deadline for hearing dispositive motions, defendants would have had the same amount of time to prepare and file their opposition. Moreover, the facts underlying the class claims were and are simple, straightforward and undisputed. It was and is undisputed that until defendants changed its policy as a result of this lawsuit (2-ER-210), defendants subjected vehicles to prolonged Cal. Veh. Code § 22651(i) impounds if the vehicle had accumulated five or more unpaid parking citations. 6/13/14 Order (1-ER-30 7 ("Defendants employed a policy which stated that whenever a vehicle accrued five or more unpaid parking citations within the meaning of Cal. Veh. Code § 22651(i) the vehicle 'will be impounded and held by

Habitual Violators Division (Booting Detail) . . .' "). It is also undisputed that vehicles subjected to § 22651(i) prolonged impounds are easily and almost instantly identified by the computer records maintained by both defendants and the tow companies (the OPGs or Official Police Garages) that towed and stored the vehicles at defendants' direction. 2-ER-194 (¶¶2-3). And finally, even assuming community caretaking justification existed for initially seizing and removing from the street class members' vehicles, as a matter of law that justification could not render the prolonged § 22651(i) impounds constitutional as even defendants admit. 6/13/24 Order (1-ER-37) ("Defendants appear not to dispute that impounding cars based only on unpaid parking citations violates the Fourth Amendment.").

On Plaintiffs' class claim, proof was not dependent upon fact witnesses testifying to his or her recollection of disputed events occurring on a particular day. Rather, the class liability claim was established from defendants' own mouths: defendants' (former) written policy for prolonged § 22651(i) vehicle impoundments, and defendants' admission that all such impounds occurred without warrants or other judicial review, 6/13/24 Order 6/13/24 Order (1-ER-30, 36) (defendants admitted all such impounds occurred without warrants or other judicial review); see also 6/13/24 Order (1-ER-38) ("It is undisputed that Defendants

impounded the vehicles for over 30 days without a warrant . . ."); 2-ER-217-20 (In responses to requests for admission, defendants admit that all prolonged impounds pursuant to § 22651(i) were effected without warrants.). Indeed, the Court even noted that defendants essentially conceded that their prolonged impounds of vehicles solely because of unpaid parking citations, violated the Fourth Amendment. 6/13/24 Order (1-ER-37). Finally, the Court's 6/13/24 Order establishing liability for the two named plaintiffs applies equally to the class, leaving (with perhaps an exception limited to a vehicle's initial seizure) only the determination of class damages.

Given the strong merits of Plaintiffs' class claim and the policy of adjudicating claims on their merits, not deciding the merits of class certification in this case was an abuse of discretion and a denial of Plaintiffs' due process rights. *Cf. Dahl v. City of Huntington Beach*, 84 F.3d 362, 366 (9th Cir. 1996) (Citing, inter alia, "the public policy favoring disposition of cases on their merits[] and the availability of less drastic sanctions," Ninth Circuit reverses dismissal of case for failure to timely file pretrial documents.).

2. Length of Delay / Impact On Proceedings. As already explained above, the two week delay in filing the class certification motion had no impact on either (a) defendants' ability to prepare its opposition to class

certification, or (b) defendants' ability to present a defense to the claims of the individual Plaintiffs or those of the putative class.

Regarding the two Plaintiffs' individual claims, the liability issues have been almost entirely resolved in Plaintiffs' favor; the only liability issue left is whether as to Plaintiff Officer, there was community caretaking justification for having his vehicle initially seized, an issue the Court described was "narrow." 6/13/24 Order (1-ER-35-36). Meanwhile, Plaintiffs' respective damages claims arising from the prolonged impounds – the value of the loss of use of vehicles – is easily established by the undisputed facts of the length of each impounds.

Given this case, a possible trial continuance should not preclude deciding the merits of class certification. The class size was significant – just over 5,000 vehicle owners. 2-ER-194 (¶3). Each vehicle owner suffered a loss of use of his or her vehicle that in value ranges from a few hundred dollars to no more than two or three thousand dollars. Thus, this is not a class where individual class members each sustained only nominal damages. But if class members must prosecute their claims as individual damages claims, the potential recovery remains so low that it is highly unlikely that any of the 5,000+ class members will ever obtain compensation for unconstitutional prolonged vehicle impoundments. 2-ER-179-80 (¶¶4-5). *See, e.g., Leyva v. Medline Industries Inc.*, 716 F.3d 510,

-23-

515 (9th Cir. 2013) ("In light of the small size of the putative class members' potential individual monetary recovery, class certification may be the only feasible means for them to adjudicate their claims."); 2 NEWBERG AND RUBENSTEIN ON CLASS ACTIONS (6th ed.) § 4:87 (in cases "involving small claims. … there will either be a class action or there will be no litigation. A class action is not only superior to other forms of litigation; it is the only form of litigation.").

While the absence of fault by Plaintiffs Ms. Fitzpatrick and Mr. Officer is not a factor in the "excusable neglect" analysis, *Pioneer Investment*, 507 U.S. at 396, the putative class members stand in a different position. Unlike the two Plaintiffs, the class members did not "voluntarily ch[o]ose" counsel. Nor did the class members, in contrast to the Plaintiffs themselves, "have notice of all facts, notice of which can be charged upon the attorney." 507 U.S. at 396-97 (citing and quoting *Link v. Wabash R. Co.*, 370 U.S. 626 (1962)) (cleaned up). Not deciding on its merits the class certification motion is, for practical purposes, a terminating sanction precluding putative class members from ever obtaining compensation for the wrongful prolonged impounds of their vehicles under Cal. Veh. Code § 22651(i). Given that relief for excusable neglect is equity-based and that the untimely motion filing is not fairly chargeable to the putative class members, this factor is, Plaintiffs submit,

00162318.WPD

appropriately considered. *Franchise Holding II, LLC*, 375 F.3d at 927 (9th Cir.2004) ("Excusable neglect is an equitable concept that takes account of factors such as . . . whether it was within the reasonable control of the movant . . .").

3. Reason For The Delay / Movants' Good Faith. The trial court's finding that Plaintiffs' counsel should have recognized that the "dispositive motion" hearing date of June 3, 2024 meant that a class certification motion must be filed by May 6, 2024, counsel's neglect to understand that the deadline applied to the class certification motion was excusable. In the related and ongoing *Brewster* litigation (5:14-cv-2257 JGB (Central District of California) this same trial court's orders specifically identified dates for a "class certification" motion filing:

● ECF 32 (*Brewster* scheduling order filed 12/11/14): "Plaintiff's motion for class certification, and for preliminary injunction, be filed not later than Monday, November 24, 2014";

● ECF 116 (*Brewster* scheduling order filed 9/27/18): sets July 29, 2019 as "Deadline to file class certification motion";

● ECF 174 (*Brewster* order filed 8/8/19): sets new date by which "Plaintiffs may re-file a motion for class certification . . ."

Unlike in *Brewster*, the *Fitzpatrick* scheduling orders did not give dates specifically describing or imposing a class certification motion filing

deadline. *See* 3/23/22 Scheduling Order (1-ER-144) in which the cut-off dates were described as "Amend Pleadings or Add New Parties"; "Designation for [Initial and Rebuttal] Expert Witnesses"; "Discovery Cut-Off"; and "Dispositive Motion Hearing Cut-Off." *See also* 3/7/23 Scheduling Order (1-ER-44-45) setting cut-off dates for "Expert Disclosure" (initial and rebuttal), "Discovery Cut-Off," "Dispositive Motion Hearing Cut-Off, "Last day to conduct settlement conference," along with pretrial and trial dates.

Thus, Plaintiffs' counsel "error" in failing to read the trial court's "Dispositive Motion" June 3, 2024 hearing date as applicable to a class certification motion, was not unreasonable. It is not beyond the bounds of reasonableness to read "dispositive" as referring to an event that generally terminates a case, or at least a major claim. In contrast, unlike a Rule 56 ruling, class certification can be revisited, modified or even reversed without ever adjudicating the merits of an underlying claim(s). F.R.Cv.P. 23(c)(1)(C). ("An order that grants or denies class certification may be altered or amended before final judgment.").

Although it involved only a few hours late filing (as compared to the two weeks here), the trial court's discussion in *Pryor v. Aerotek Sci.*, LLC, 278 F.R.D. 516, 522 (C.D. Cal. 2011) granting the plaintiffs' Rule 6(b)(1)(B) motion to allow the late filing of a class certification motion is

00162318.WPD

instructive:

> "As '*Pioneer Investment* made clear[,] ... the word 'neglect' 'encompasses simple, faultless omissions to act and, more commonly, omissions caused by carelessness.' *TCI Group Life Ins. Plan*, 244 F.3d [691] at 697 [(9th Cir. 2001] (*quoting Pioneer Investment Services*, 507 U.S. at 388, 113 S.Ct. 1489). The Ninth Circuit has held that 'intentional' or culpable omissions to act are only those that are 'willful, deliberate, or evidence of bad faith,' while '[n]eglectful failure to answer as to which the defendant offers a credible, good faith explanation negating any intention to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process is not 'intentional' ..., and is therefore not necessarily ... culpable or inexcusable.' Id. at 697–98. Thus, this factor too favors granting Pryor's request for an enlargement of time."

The explanation provided for the late filing above unquestionably shows that counsel did not act in a "willful, deliberate" failure to file the motion timely, was not attempting "to take advantage of the opposing party, [or] interfere with judicial decisionmaking, or otherwise manipulate the legal process. There is no "evidence of bad faith." Given how this trial

court described the motion filing deadlines in the related *Brewster* lawsuit, from Plaintiffs' counsel's perspective the situation here was similar to that in *In re: Prime Healthcare ERISA Litigation*, 8:20-cv-1529-JLS-JDE (Central District of California). There, in rejecting the argument that the class certification motion was filed late, the trial court noted that the "[t]he scheduling order[s] in this case did not set a filing deadline specific to motions for class certification." 12/28/23 Order (ECF 190 filed 12/28/23 in 8:20-cv-1529) @ page 5. A further fact showing that counsel's error here was excusable, is that unlike in *Prime Healthcare*, there was no date expressly labeled as a catch-all last date for filing motions. See *Prime Healthcare*, ECF 190 @ page 5.

Thus, Plaintiffs' counsel was acting in good faith in reading the trial court's 3/7/23 Scheduling Order (1-ER-44) as permitting a filing for class certification after May 6, 2024 since that date was the last day to file for a hearing on a *dispositive* motion set for June 3, 2024.

00162318.WPD

## IV. Conclusion.

For the foregoing reasons, this Court should (a) re-instate the claims of Plaintiff McCarty's re his vehicle was wrongfully impounded; (b) vacate the trial court's order denying as untimely Plaintiffs' class certification motion; and (c) remand to the lower court to address the merits of Plaintiffs' class certification motion.

DATED: December 16, 2024

**DONALD W. COOK**
ATTORNEY AT LAW
Attorney for Plaintiffs-Appellants

s/ Donald W. Cook

By_____
    Donald W. Cook

## STATEMENT OF RELATED CASE(S)

Pursuant to Ninth Circuit Rule 28-2.6, Appellant certifies he is unaware of any related case pending in this Court.

DATED: December 16, 2024

**DONALD W. COOK**
Attorney for Plaintiffs-Appellants

s/ Donald W. Cook

By_____
        Donald W. Cook

00162318.WPD

## CERTIFICATE OF COMPLIANCE

Pursuant to Circuit Rule 32(e)(4), counsel for Appellant hereby certifies that the brief uses proportionately spaced type at 14 point, double spaced (except for footnotes), and the word count is 4,922.

DATED: December 16, 2024

**DONALD W. COOK**
ATTORNEY AT LAW
Attorney for Plaintiffs-Appellants

s/ Donald W. Cook

By_____
Donald W. Cook

00162318.WPD

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing APPELLANTS' OPENING BRIEF with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on December 16, 2024.

Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

s/ Donald W. Cook
_____
Donald W. Cook

00162318.WPD