No. 24-5998

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

---

BEONNAH FITZPATRICK et al., individual,
Plaintiff-Appellant individuals and as class representatives,
Plaintiffs and Appellants

v.

CITY OF LOS ANGELES, CITY OF LOS ANGELES DEPARTMENT OF
TRANSPORTATION and LOS ANGELES POLICE DEPARTMENT.
Defendants, Appellees and Cross-Appellants.

---

Appeal from the United States District Court
Case No. 2:21-cv-6841-JGB
Hon. Jesus G. Bernal

---

## APPELLEE'S CROSS-REPLY BRIEF

---

HYDEE FELDSTEIN SOTO, City Attorney (SBN 106866)
KATHLEEN A. KENEALY, Chief Assistant City Attorney (SBN 212289)
SHAUN DABBY JACOBS, Supr. Asst. City Attorney (SBN 185073)
MICHAEL M. WALSH, Deputy City Attorney (SBN 150865)
200 North Spring Street, 14th Floor, City Hall
Los Angeles, California 90012-4130
Phone: (213) 978-2209 | Email: michael.walsh@lacity.org

Attorneys for Defendants, Appellees and Cross-Appellants
City of Los Angeles, City of Los Angeles Department of Transportation,
and Los Angeles Police Department

# Table of Contents

Table of Authorities ...................................................................................3

Introduction ...............................................................................................6

Argument...................................................................................................8

  I.   Plaintiffs Do Not Dispute that the Community Caretaking Doctrine Authorizes the City to Seize Illegally Parked Vehicles.........................................8

  II.   Plaintiffs Fail to Allege a Viable Procedural Due Process Claim. .............10

    A.  Plaintiffs fail to address their lack of standing............................................11

    B.  In light of the statutory process provided pre-seizure and post-seizure, Plaintiffs fail to allege a viable due process claim.....................................13

      1.  Plaintiffs ignore the pre-seizure notice and process provided to vehicle owners. ..................................................................................15

      2.  The City also provides sufficient due process protections post-seizure. .18

    C.  The *Matthews* balancing test confirms Plaintiffs' failure to allege a procedural due process claim. ....................................................................25

  III.  Plaintiffs Concede that the District Court Improperly Used Strict Scrutiny for Plaintiff's Equal Protection Claim.........................................................28

Conclusion ...............................................................................................28

Certificate of Compliance ........................................................................30

## Table of Authorities

**Cases**

*Alviso v. Sonoma Cnty. Sheriff's Dep't,*
　　186 Cal.App.4th 198 (2010) ..................................................... 18, 25

*Buckingham v. Sec'y of U.S. Dep't of Agric.,*
　　603 F.3d 1073 (9th Cir. 2010) ................................................. 13, 14

*City of Los Angeles v. David,*
　　538 U.S. 715 (2003).....................................................................21

*City of Memphis v. Greene,*
　　451 U.S. 100 (1981)........................................................................8

*Conner v. City of Santa Ana*
　　(9th Cir.1990) 897 F.2d 1487 ................................................. 18, 23

*Daimler AG v. Bauman,*
　　571 U.S. 117 (2014).....................................................................17

*David v. City of L.A.,*
　　307 F.3d 1143 (9th Cir. 2002) ..................................... 12, 13, 22, 27

*Goichman v. Rheuban Motors, Inc.,*
　　682 F.2d 1320 (9th Cir. 1982) ........................................... 9, 18, 27

*Grannis v. Ordean,*
　　234 U.S. 385 (1914)......................................................................14

*Halajian v. D & B Towing,*
　　209 Cal.App.4th 1 (2012) ............................................................20

*Jordan v. City of Lake Oswego,*
　　 734 F.2d 1374 ............................................................................22

*Krimstock v. Kelly,*
　　464 F.3d 246 (2nd Cir. 2006) ......................................................24

*LN Mgmt., LLC v. JPMorgan Chase Bank, N.A.,*
　　957 F.3d 943 (9th Cir. 2020) ............................................. 6, 25, 28

*Madsen v. Boise State Univ.,*
　　976 F.2d 1219 (9th Cir. 1992) .....................................................12

*Mathews v. Eldridge,*
　　424 U.S. 319 (1976)............................................................ 11, 25, 26

*Mendoza v. Strickler,*
　　51 F.4th 346 (9th Cir. 2022) ........................................................26

*Miranda v. City of Cornelius,*
　　429 F.3d 858 (9th Cir. 2005) ............................................. 9, 14, 17

*Ordonez v. Stanley*,
    495 F.Supp.3d 855 (C.D. Cal. 2020) ...............................................23
*Sandoval v. County of Sonoma*,
    912 F.3d 509 (9th Cir. 2018) ...........................................................23
*Scofield v. City of Hillsborough*,
    862 F.2d 759 (9th Cir. 1988) ....................................... 10, 16, 26, 27
*Sniadach v. Family Corp. of Bay View*,
    395 U.S. 337 (1969)..........................................................................16
*South Dakota v. Opperman*,
    428 U.S. 364 (1976)............................................................................9
*State of California ex rel. Lockyer v. FERC*,
    329 F.3d 700 (9th Cir. 2003) ...........................................................14
*Stypmann v. City & County of San Francisco*,
    557 F.3d 1338 (9th Cir. 1977) ........................................... 11, 18, 19
*Sutton v. City of Milwaukee*,
    672 F.2d 644 (7th Cir.1982) ............................................................10
*United States v. Caseres*,
    533 F.3d 1064 (9th Cir. 2008) ...........................................................9
*United States v. Cervantes*,
    703 F.3d 1135 (9th Cir. 2012) ...........................................................9
*Verdun v. City of San Diego*,
    51 F.4th 1033 (9th Cir. 2022) ..........................................................26
*Yagman v. Garcetti*,
    No. 2014 WL 3687279, at *2 (C.D. Cal. July 9, 2014)...................16
*Yagman v. Garcetti*,
    852 F.3d 859, 866 (9th Cir. 2017)...................................................26

**STATUTES**

Code of Civil Procedures
section 1094.5 ...................................................................................19
section 1095 .....................................................................................19

California Vehicle Code
section 22650 ...................................................................................19
section 22650(b).................................................................... 13, 18, 19
section 22650(c).............................................................. 13, 18, 19, 22
section 22650(d).................................................................................19

section 22651(h)(4)(A) ......................................................................24

section 22651(i)............................................................................. passim

section 22651(i)(3)...........................................................................15

section 22651(i)(1)(C)................................................................ 21, 24

section 22651(o)(1)(A)(i)..................................................................20

section 22651.07..............................................................................24

section 22850.5(b)(3) ........................................................................21

section 22852 ........................................................................ 7, 18, 27

section 22852(b)...............................................................................18

section 22852(c) .................................................... 13, 18, 19, 22

section 22852(e) .......................................................................... 18, 19

section 4000 .....................................................................................25

section 4000(a)(1) ............................................................................20

section 40215(a) ......................................................................... 15, 16

section 40215(b) ......................................................................... 15, 16

section 40215(c)(3) ..................................................................... 15, 16

section 40215(c)(7) ..................................................................... 15, 16

section 40220 ............................................................................... 15, 16

section 40230 ....................................................................... 15, 16, 23

## Introduction

As noted in the City's Appellee's Answering Brief/Cross-Appellant's Opening Brief ("Second Brief"), if the Court affirms the judgment in full, then the cross-appeal becomes moot. However, if the Court reverses and remands for further proceedings, then it should also adjudicate the cross-appeal issues to correct the law of the case that would otherwise prevail in subsequent proceedings. The City's cross-appeal raises three issues, that: (1) the community caretaking doctrine authorizes the seizure of illegally parked vehicles; (2) Plaintiffs failed to state a viable procedural due process claim; and, (3) the proper standard for Plaintiffs' equal protection claim is rational basis, not strict scrutiny.

Plaintiffs fail to address the first and third of these issues in the Appellants' Reply/Opposition Brief ("Third Brief"). While Plaintiffs argue over the community caretaking doctrine, they do not address the only issue raised in the cross-appeal – that the community caretaking doctrine authorizes towing illegally parked vehicles. Plaintiffs do not even mention the equal protection argument. "Failure to respond meaningfully in an answering brief to an appellee's argument waives any point to the contrary." *LN Mgmt., LLC v. JPMorgan Chase Bank, N.A.*, 957 F.3d 943, 950 (9th Cir. 2020).

Plaintiffs do address procedural due process regarding vehicle seizure for five or more delinquent parking tickets. However, Plaintiffs continue to ignore the substantial pre-seizure process provided. It remains undisputed that: (1) the City repeatedly warns vehicle owners that failure to resolve parking tickets can result in seizure, (2) owners have the opportunity to challenge the ticket's validity with judicial review, (3) owners can have fines reduced or diminished based on inability to pay, and (4) owners can resolve any remaining fines through alternate means of payment. Second Brief at 62-65. California Vehicle Code § 22651(i) [1] only authorizes seizure after an owner allows five delinquent parking tickets to accumulate on the vehicle. Section 22852 then provides a prompt post-seizure administrative hearing in which the City has the burden to establish the seizure's validity. Under California law, all such hearings are subject to judicial review. After seizure, the owner can recover the vehicle at any time once all legally imposed fines and fees are resolved. Plaintiffs mistakenly disregard the pre-seizure process and instead argue that the Court should view the post-seizure process in isolation. Even so, Plaintiffs fail to adequately address the several cases that have affirmed that both the pre- and post-seizure procedures satisfy due process.

---

[1] Unless specified, all statutory references will be to the California Vehicle Code.

If the Court reaches the cross-appeal, it should reverse the rulings below on these three issues.

## Argument

## I.  Plaintiffs Do Not Dispute that the Community Caretaking Doctrine Authorizes the City to Seize Illegally Parked Vehicles.

Plaintiffs do not dispute that the community caretaking doctrine authorizes the seizure of illegally parked vehicles.  It remains undisputed that Fitzpatrick's vehicle was illegally parked in a red zone when the City towed it.  1-ER-34.  While the trial court acknowledged that Fitzpatrick's vehicle was illegally parked, it improperly added the additional requirement for the City to prove that the illegally parked vehicle presented an immediate safety hazard in order to justify towing the vehicle.  1-ER-34.  This improperly created a case-by-case judicial veto over the legislative determination of what parking restrictions best manage vehicle traffic and promote public safety.  See Second Brief at 52-55; and see *City of Memphis v. Greene*, 451 U.S. 100, 126 (1981) ("Local governments necessarily exercise wide discretion in making the policy decisions" required to enact traffic ordinances.) And Plaintiffs do not cite to any case that holds that the government cannot impound vehicles in the situations presented in this case.

Plaintiffs do not dispute that Fitzpatrick's vehicle was illegally parked. Instead, Plaintiffs start with the false claim that there are no Ninth Circuit cases after *Miranda v. City of Cornelius*, 429 F.3d 858 (9th Cir. 2005) "in which the court held that community caretaking justified seizing a vehicle which was not a traffic hazard and not at risk of vandalism or theft." Third Brief at 13. In fact, *Miranda* itself confirmed "the government's interest in efficient and inexpensive towage of illegally parked automobiles." *Id*. at 867 (quoting *Goichman v. Rheuban Motors, Inc*., 682 F.2d 1320, 1324 (9th Cir. 1982). The Ninth Circuit has repeatedly upheld this conclusion. E.g., *United States v. Cervantes*, 703 F.3d 1135, 1141 (9th Cir. 2012) (seizure would have been proper if the vehicle "was parked illegally, posed a safety hazard, or was vulnerable to vandalism or theft."); and *United States v. Caseres*, 533 F.3d 1064, 1075 (9th Cir. 2008) (same). This follows the U.S. Supreme Court's recognition that enforcing parking ordinances is part of community caretaking because those ordinances are the manifestation of necessary and proper legislative determinations. See *South Dakota v. Opperman*, 428 U.S. 364, 368–69 (1976) ("Police will also frequently remove and impound automobiles which violate parking ordinances and which thereby jeopardize both the public safety and the efficient movement of vehicular traffic.").

Plaintiffs primarily argue that the community caretaking doctrine does not support seizing a vehicle for the sole purpose of enforcing previously unpaid

parking tickets or to deter future criminal activity – issues irrelevant to seizing illegally parked vehicles. See Third Brief at 13-17. As a result, while Plaintiffs cite cases to support their misguided argument here, like *Miranda*, these cases further support the City's argument that it is authorized to seize illegally parked vehicles under the community caretaking doctrine. For example, in *Scofield v. City of Hillsborough*, 862 F.2d 759 (9th Cir. 1988), the court affirmed the seizure of a vehicle whose registration expired over a year before by analogizing this to towing illegally parked vehicles. "[T]he governmental interest in towing illegally parked cars is based on a valid purpose-implementing parking regulations." *Id*. at 762-763 (citing *Sutton v. City of Milwaukee*, 672 F.2d 644, 648 (7th Cir.1982). *Schofield* also cited cases from several other circuits that affirmed "towing an illegally parked vehicle without notice…" does not violate the law or the Constitution. *Id*. at 763. The Court should reverse the summary judgment ruling in favor of Fitzpatrick on this issue.

## II. Plaintiffs Fail to Allege a Viable Procedural Due Process Claim.

Plaintiffs fail to allege a viable procedural due process claim for vehicles removed under section 22651(i), for at least five delinquent parking tickets, in light of the statutory process provided for both pre-seizure and post-seizure. Now Plaintiffs also fail to respond to most of the City's arguments on cross-appeal. While Plaintiffs argue at length against the policy of seizing a vehicle based on

delinquent parking tickets, that is a Fourth Amendment improper seizure argument that does not address the Plaintiffs' Fourteenth Amendment due process claim. 2-ER-257:2-10. The "fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner." *Stypmann v. City & Cnty. of San Francisco*, 557 F.2d 1338, 1343–44 (9th Cir. 1977) (quoting *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976). Because the City challenged the procedural due process claim in a motion to dismiss the Fourth Amended Complaint, the Court's review is de novo. 1-ER-46; Second Brief at 56-57.

Here, the City provided adequate notice and opportunity to be heard in both the pre-deprivation (repeated notice, hearings, judicial review, ability to address inability to pay) and post-deprivation (prompt hearing, burden on City to validate, judicial review available) phases. Plaintiffs failed to engage in any of the available process. Courts have repeatedly upheld these procedures as comporting with due process and the Fourteenth Amendment. See Second Brief at 61-68. Plaintiffs do not address any of these cases.

**A. Plaintiffs fail to address their lack of standing.**

Plaintiffs offer no response regarding their lack of standing to raise a procedural due process claim. See Second Brief at 57-61. It is undisputed that the pre-seizure review process provides notice of the potential seizure, an opportunity

to challenge the parking ticket's merits with judicial review, the ability to diminish or extinguish fines based on the inability to pay, and to establish alternate means of payment. 1-EOR-63; *infra* at 15-17. Thus, engaging the pre-seizure process would avoid any delinquent parking tickets, and thus avoid seizure under section 22651(i). Nevertheless, Plaintiffs do not allege that they made any attempt to engage in the pre-seizure process, nor do they allege futility in doing so. This alone confirms Plaintiffs lack standing. *Madsen v. Boise State Univ.*, 976 F.2d 1219, 1220 (9th Cir. 1992) (per curiam) (It is well established "that a plaintiff lacks standing to challenge a rule or policy to which he has not submitted himself by actually applying for the desired benefit.")

Similarly, Plaintiffs also did not engage in the post-seizure process provided, which includes a prompt post-seizure hearing in which the City carries the burden of proof to validate the seizure and justify any claim of community caretaking. Second Brief at 65-66. As to post-seizure process, Plaintiffs offer only superficial allegations of futility, making categorical assertions that hearing officers the City hired cannot be trusted and can't address the seizure's validity in any case. Third Brief at 23-24. Plaintiffs do not allege any facts supporting their claims of bias. This Court already rejected this argument and held that simply employing the hearing officer, without more, does not create an appearance of bias. See *David v.*

12

*City of L.A.*, 307 F.3d 1143, 1147 (9th Cir. 2002)[2] (Rejected due process claim

because the City employed the hearing officer. "That simply is not the law.")

Unless Plaintiffs intend to saddle owners with paying for hearing officers, the City

will continue to employ the necessary hearing officers. To avoid a personal bias,

the hearing officer cannot be the person who directed the vehicle's removal. Veh.

Code § 22852(c). The statute also expressly grants the hearing officer authority to

decide whether the City met its burden to establish "the validity of" and "the

authority for" the seizure, including reasonable grounds for the storage, and

whether the City satisfied the community caretaking doctrine. Veh. Code

§ 22650(b) and (c). Courts have repeatedly held similar statutory schemes satisfy

due process. Second Brief at 65-68. Thus, Plaintiffs' unsupported assertions of

futility are insufficient to support standing.

### B. In light of the statutory process provided pre-seizure and post-seizure, Plaintiffs fail to allege a viable due process claim.

As described in the Second Brief, the City provides vehicle owners with "an

opportunity to be heard at a meaningful time and in a meaningful manner," in both

the pre-seizure and post-seizure time frames. See Second Brief at 61-68; and see

*Buckingham v. Sec'y of U.S. Dep't of Agric.*, 603 F.3d 1073, 1082 (9th Cir. 2010).

---

[2] Rev'd on other grounds, 538 U.S. 715 (2003).

The fundamental flaw in Plaintiffs' due process argument is ignoring the pre-seizure process and then asserting that the post-seizure process, viewed in isolation, is inadequate. This Court rejects such piecemeal attacks. "We assess due process case-by-case based on the total circumstances." *State of California ex rel. Lockyer v. FERC*, 329 F.3d 700, 711 (9th Cir. 2003). Both the pre-seizure and post-seizure processes standing alone satisfy due process. Due process is clearly satisfied when considering the totality of circumstances – taking the pre- and post-seizure process as complimentary portions of the legislature's statutory system of enforcing vehicle registration and parking violations. *Miranda*, 429 F.3d at 868-869 (due process based on "total circumstances," and vehicle seizure upheld even in the absence of any pre-seizure process).

Finally, insofar as Plaintiffs attack the policy of seizing vehicles with at least five delinquent parking tickets under section 22651(i), such arguments address a Fourth Amendment seizure claim and not the sufficiency of procedural due process. Procedural due process protects the ability to be heard in a meaningful manner. *Buckingham*, 603 F.3d at 1082; and see *Grannis v. Ordean*, 234 U.S. 385, 394 (1914) ("The fundamental requisite of due process of law is the opportunity to be heard.") The Vehicle Code provides sufficient notice and the ability to be heard in a meaningful manner.

14

### 1. Plaintiffs ignore the pre-seizure notice and process provided to vehicle owners.

Pursuant to state law, before any seizure under section 22651(i) for delinquent parking tickets, the City provides ample notice of a potential seizure, an opportunity to be heard, the ability to challenge each parking ticket, and the ability to resolve any inability to pay for each citation. Second Brief at 62-65. Plaintiffs fail to address, or even acknowledge, the pre-seizure process that:

(1) provides multiple notices of each parking ticket, instructions on how to respond, and that vehicle seizure is a potential consequence of not responding (Veh. Code § 22651(i)(3); 1-SER 38, 39, 41, 42; and see 1-ER-63 [Plaintiffs abandoned claim of insufficient notice of a potential seizure]);

(2) allows vehicle owners to challenge the validity of each traffic ticket, first with the issuing agency, then at an administrative hearing, and then in court on de novo review, (Vehicle Code §§ 40215(a), (b), (c)(3), and 40230); and,

(3) allows owners to address any inability to pay, including diminishing or eliminating payment, creating a payment plan, or providing alternatives to payment, including community service (Vehicle Code §§ 40215(b) and (c)(7), 40220).

Multiple courts concluded that this satisfies due process. E.g., *Yagman v. Garcetti,* No. 2014 WL 3687279, at *2 (C.D. Cal. July 9, 2014), aff'd, 852 F.3d 859 (9th Cir. 2017) ("[C]ourts universally agree that the California procedure for contesting parking tickets comports with due process."); and see Second Brief 64-65. Importantly, because section 22651(i) only authorizes seizure after five delinquent parking tickets, each vehicle owner completes this process of notice, opportunity to challenge, and opportunity to resolve the ticket at least five times before any seizure. As a result, Plaintiffs' examples of other rejected procedures which allowed creditors to seize or attach property before establishing any liability are inapplicable here. E.g., *Sniadach v. Family Corp. of Bay View*, 395 U.S. 337, 338-339 (1969) (striking practice of allowing wage garnishment based on nothing but plaintiff's allegations). See Third Brief at 18-20. Instead, the Court's holding in *Scofield* is controlling. In *Scofield*, the Court held that the government did not need to provide pre-seizure notice to seize a vehicle with registration that expired more than six months before. *Scofield*, 862 F.2d at 764. Here, a vehicle owner has explicit notice, access to administrative and judicial hearings, and the ability to resolve an inability to pay, all pre-seizure. Vehicle Code § 40215(a), (b), (c)(3), and (c)(7), §§ 40220, 40230; and 1-SER 38, 39, 41, 42. Only the owner's choice not to engage this process, five separate times, authorizes a seizure under section 22651(i).

Similarly, Plaintiffs' inference that the validity of the parking tickets remains somehow in doubt is false. E.g., see Third Brief at 22 ("...the money defendants claim they are owed.") Plaintiffs have never questioned the validity of the parking tickets. 1-ER-65; and see *Daimler AG v. Bauman*, 571 U.S. 117, 133 (2014) ("In the proceedings below, the parties agreed on, or failed to contest, certain points we now take as given.") Moreover, after completing the parking ticket cycle five times, and absent any specific and sufficient factual allegations (absent here), no realistic dispute exists regarding the validity of the delinquent parking tickets.

Plaintiffs mistakenly argue that seizing a vehicle based on five delinquent parking tickets is the beginning of the relevant events. In fact, a section 22651(i) seizure only occurs after months of notices and opportunities to be heard and resolve each citation. Any challenge to procedural due process must include the entire relevant process, and this necessarily includes challenging the parking tickets at the outset which support section 22651(i). See *Miranda*, 429 F.3d at 866-867 ("We assess due process case-by-case based on the total circumstances." Finding due process satisfied by impound even in the absence of pre-seizure process). Plaintiffs cannot ignore the abundant procedural protections provided to them in processing the parking tickets and then later complain about a lack of due process.

**2. The City also provides sufficient due process protections post-seizure.**

Plaintiffs' due process claims regarding post-seizure procedures also fail because the City provides a prompt hearing in which it is the City's burden to prove the validity of, and legal authority for, the vehicle tow, including a determination of whether the City satisfied the community caretaking doctrine. Veh. Code §§ 22650(b), (c), 22852(b), (c) and (e); and see Second Brief at 65. As a result, this Court concluded that section 22852 satisfies due process. E.g., *Goichman*, 682 F.2d at 1325 (§ 22852 sufficiently balances personal interest in vehicle use with government interest in efficient and inexpensive towing); and see *Alviso v. Sonoma Cnty. Sheriff's Dep't*, 186 Cal.App.4th 198, 210 (2010) (§ 22852 satisfied post-seizure without judicial review); citing several federal cases, including *Conner v. City of Santa Ana* (9th Cir.1990) 897 F.2d 1487, 1492-1493 (judicial review not needed, but available under Code of Civ. Proc. § 1094.5 in any case).

Plaintiffs' reliance on *Stypmann v. City & County of San Francisco*, 557 F.3d 1338 (9th Cir. 1977), on this issue is misplaced because the current statutory process satisfies each of *Stypmann*'s concerns. *Stypmann* holds that post-seizure due process requires: (1) a reasonably prompt post-seizure hearing on the validity of the seizure and storage, when the government does not provide a pre-seizure

18

hearing; (2) that the hearing officer who is not the citing officer for the seizure conduct the hearing; and (3) that the public entity has the burden of proof. *Id*. at 1343-1344. The current statutes and City policy comply with each of these concerns. In addition to the pre-seizure hearings, which did not exist in *Stypmann*, the Vehicle Code provides that a post-seizure hearing "shall be conducted within 48 hours of the request" and "the storing agency shall have the burden of establishing the authority for, and the validity of, the removal." Veh. Code § 22650(c). The hearing officer cannot be the person(s) who directed the storage. Veh. Code § 22852(c); and see *infra* at 22. The hearing officer can find "that reasonable grounds for the storage are not established." *Id*. at (e). Further, a seizure "based on community caretaking, is only reasonable if the removal is necessary to achieve the community caretaking need." Veh. Code § 22650(b). The owner can seek judicial review of the results. Veh. Code § 22650(d); Code of Civ. Proc. §§ 1094.5, 1095. Plaintiffs do not argue that the City ever failed to follow these controlling statutes.

Plaintiffs complain that owners should not have to pay for current registration or for delinquent parking tickets to recover their vehicle from storage. (See Third Brief at 17-18.) However, this argument fails for at least four reasons. First, because it is illegal to drive an unregistered vehicle on public streets, and the government may immediately seize such vehicles, it is reasonable for the City to

19

hold the vehicle until the owner properly registers it.  See Veh. Code §§ 4000(a)(1) (registration required), 22651(o)(1)(A)(i) (government may remove unregistered vehicle); *Halajian v. D & B Towing*, 209 Cal.App.4th 1, 16 (2012) (the registration requirement is "intended to further public safety."); and see Second Brief at 21-23.

Second, the accumulation of delinquent parking tickets attached to the vehicle is the result of the owner's decision to disregard the pre-seizure process described above.  *Infra* at 15-17.  The City warns the owner that failure to resolve a parking ticket can result in the vehicle's seizure, and then the owner has the opportunity to challenge the ticket on its merits, to diminish or eliminate the fine based on inability to pay, or to arrange for an alternate means of payment.  See Second Brief at 62-65.  Each step of this process can prevent the existence of a delinquent ticket.  The owner has to disregard this process at least five time before the City can seize the vehicle under section 22651(i).  This constitutes the owner's choice to risk the consequences of accumulating delinquent tickets, leaving no basis to complain about the consequences of that choice.  The process also eliminates any concern of a mistake, as the City has repeatedly confirmed the identity of this vehicle and the owner has conceded the tickets' validity.

Third, the statutory scheme specifically authorizes the City to collect on delinquent parking tickets once it completes the pre-seizure and post-seizure process available to the owner.  It would make little sense for section 22651(i) to

20

authorize the seizure of any vehicle accumulating five delinquent tickets only to require the government agency to release the vehicle without resolving those tickets, leaving the vehicle subject to immediate seizure again. The Vehicle Code includes the requirement to collect such fines when releasing seized vehicles. See Veh. Code §§ 22651(i)(1)(C) and 22850.5(b)(3) ("The [towing and storage] charges shall be in addition to any other charges authorized or imposed pursuant to this code.") The Court can disregard Plaintiffs' assertion that the fines owed under these delinquent tickets are somehow speculative or unresolved. Having completed the pre-seizure process, and lacking any challenge by the owner, it is undisputed that the parking tickets and the resulting fines are valid. See Second Brief at 62-65.

Finally, Plaintiffs' complaint about paying delinquent parking fines does not challenge the sufficiency of the procedural due process provided. The "fundamental requirement of due process" is "the opportunity to be heard at a meaningful time and in a meaningful manner." *City of Los Angeles v. David*, 538 U.S. 715, 717 (2003) (per curiam) (internal quotation marks omitted). Plaintiffs may well have claims based on other constitutional provisions as to whether governments should hold owners accountable for delinquent parking fines, but that does not change the fact that this existing statutory scheme satisfies all procedural due process requirements.

21

Plaintiffs' speculative complaints about the hearing officer are similarly misplaced. First, Plaintiffs do not allege any facts to support the conclusion that the hearing officers are categorically biased, particularly in light of section 22852(c), which bars the officer involved in the seizure from acting as the hearing officer. Second, as discussed above, the City satisfies due process when it employs the hearing officer, and Plaintiffs do not allege and facts that would demonstrate bias. See *Jordan v. City of Lake Oswego*, 734 F.2d 1374, 1376, n.1; *David,* 307 F.3d at 1147; and see *infra* at 12-13. Plaintiffs do not cite to any case that holds that the government agency's mere employment of the hearing officer, without more, is evidence of bias and in fact, this Court has held the opposite is true. E.g., *David*, 307 F.3d at 1147; and see Second Brief at 71. Third, Plaintiffs' do not allege any facts or law to support their complaint that the post-seizure hearing officer may not be able address the parking ticket's validity. Section 22650(c) authorizes the hearing officer to determine and evaluate "the authority for, and the validity of, the removal," insofar as any related issues remain unresolved. In any case, the extensive pre-seizure process available establishes the validity of the delinquent parking tickets. Plaintiffs cannot ignore the opportunities to timely challenge or otherwise resolve the tickets pre-seizure and then complain about not getting a second bite at the apple post-seizure, even though "the related parking citations may be cancelled" as a result of the hearing. 2-EOR-551-552.

Plaintiffs' complaint that the California Constitution bars an administrative hearing officer from declaring a statute unconstitutional or otherwise in violation of state law is simply a repackaging of the demand for judicial review. See Third Brief at 23-24; citing California Constitution, Art. III § 3.5(c). Plaintiffs provide no authority for demanding that every vehicle tow must have an immediate forum to launch a constitutional challenge. As discussed above, a post-seizure administrative hearing satisfies due process, particularly when that follows available pre-seizure hearings. In any case, judicial review is available pre- and post-seizure. See Veh. Code § 40230 (pre-seizure); *Conner*, 897 F.2d at 1493 (post-seizure).

Plaintiffs' reliance on *Ordonez v. Stanley*, 495 F.Supp.3d 855 (C.D. Cal. 2020) on this point is misplaced because it is factually distinguishable. In *Ordonez*, the police seized the car because the owner's spouse drove with a suspended license. *Id*. at 859-860. The owner, who had a valid driver's license, attempted to retrieve the car the next day, offering to pay all accrued fees, but the CHP refused and kept the vehicle for 30-days without any pre-seizure judicial review. *Id*. at 860. The CHP failed to provide any government interest in an arbitrary 30-day impound and the Court found that plaintiff alleged a due process claim. *Id*. at 864-65; see also *Sandoval v. County of Sonoma*, 912 F.3d 509, 521 (9th Cir. 2018) (a mandatory 30-day impound, without a justification for that

length, violated due process). In stark contrast, Plaintiffs had extensive pre-seizure process available, with judicial review, and which addressed the owner's ability to pay, but they chose to disregard it. *Infra* at 15-17. In further contrast, the City charges the post-seizure hearing officer with determining whether the City met *its* burden to validate the seizure constitutionally and can release the vehicle once all valid fees are resolved. *Infra* at 18-19.

Similarly, in *Krimstock v. Kelly*, 464 F.3d 246, 248 (2nd Cir. 2006)[3], a prosecutor seized seven vehicles as potential criminal evidence, then later decided to retain them indefinitely without either pre- or post-judicial review. The court found that the city had to provide prompt judicial review when it decided to retain the vehicles for a prolonged time. *Id*. at 255. This bears little resemblance to the extensive pre-seizure process here, which includes judicial review, and the prompt (within 48 hours) hearing, provided post-seizure in which the City must meet its burden to validate the seizure, and which is also subject to judicial review. *Infra* at 16-17. Also, the City was willing to promptly return the vehicles once the owner paid the applicable fine and fees. Veh. Code §§ 22651(h)(4)(A) and (i)(1)(C) and 22651.07

---

[3] Plaintiffs' erroneously state that then Circuit Judge Sonia Sotomayor authored *Krimstock*. Third brief at 24-25.

**C. The *Matthews* balancing test confirms Plaintiffs' failure to allege a procedural due process claim.**

In the Second Brief, the City discusses in detail how the current statutory scheme satisfies the controlling due process balancing analysis set forth in *Matthews v. Eldridge*, 424 U.S. 319 (1979). See Second Brief at 68-75. This test balances three elements: "(1) the private interest that will be affected by the official action; (2) the risk of an erroneous deprivation of such interest through the procedures used, and probable value, if any, of additional procedural safeguards; and (3) the Government's interest, including the fiscal and administrative burdens that the additional or substitute procedures would entail." *Id*. at 321. However, Plaintiffs make no attempt to engage the *Matthews* balancing test or even cite to *Matthews* in this appeal. The failure "to respond meaningfully…to an appellee's argument waives any point to the contrary." *LN Mgmt., LLC*, 957 F.3d at 950.

Regarding the first element, by failing to respond, Plaintiffs do not dispute that their interest is retrieving a vehicle with expired registration, which they cannot drive on public streets, and is limited to cost of impoundment. See *Alviso*, 186 Cal.App.4th at 212; Veh. Code § 4000. In any case, they also do not dispute that a seizure under § 22651(i) is a self-inflicted loss by the owner, given the ample opportunity to resolve the parking tickets, particularly before the five delinquent tickets needed to trigger § 22651(i) accumulate. Second Brief at 68-69.

As to the second element, Plaintiffs do not dispute that little chance of an erroneous deprivation exists under this statutory scheme. The extensive pre-seizure process ensures both that the government identifies the correct vehicle and owner and that the owner has every opportunity to challenge and/or resolve each ticket. When combined with the 48-hour post-seizure hearing, where the City has the burden to validate the seizure, no realistic chance of an erroneous deprivation exists. See Second Brief at 69-71. As discussed above, Plaintiffs' assertion of post-seizure hearing officer bias is misplaced and has already been rejected. *Infra* at 12-13; and Second Brief at 71.

Finally, on the third *Matthews* element, Plaintiffs do not dispute that this Court has repeatedly confirmed the significant government interest in enforcing traffic and parking laws. "Parking and traffic management . . . reflects a substantial and compelling administrative objective." *Verdun v. City of San Diego*, 51 F.4th 1033, 1043 (9th Cir. 2022) (cleaned up); and see *Mendoza v. Strickler*, 51 F.4th 346, 359 (9th Cir. 2022) (state has an interest in enforcing the penalties for traffic violations); *Yagman v. Garcetti*, 852 F.3d 859, 866 (9th Cir. 2017) ("The City has an interest in promptly collecting parking penalties."); and Second Brief at 72. While Plaintiffs assert otherwise, this Court recognizes that deterrence is a valid state interest when enforcing traffic regulations. *Scofield*, 862 F.2d at 763 (citing *Sutton*, 672 F.2d at 646). Plaintiffs fail to explain why this does not extend

to enforcing the penalties accrued from delinquent parking tickets, when it is undisputed that the City can tow all illegally parked vehicles. See *infra* at 8-10.

Instead, while Plaintiffs ignore most of the cases the City cites, they assert that three cases, *David*, *Scofield*, and *Goichman*, do not support the cross-appeal because those cases did not specifically address fines from outstanding delinquent packing tickets. However, Plaintiffs do not explain why that is a meaningful distinction. Third Brief at 25. For example, the City cites *David*, 307 F.3d 1143 regarding the selection of hearing officers. The City did not cite *Scofield*, 862 F.2d 759, in the Second Brief regarding the cross-appeal. In any case, *Scofield* emphasized the important government interest in enforcing parking restrictions and deterring future violations, which is specifically relevant to seizing a vehicle under § 22651(i). *Id*. at 763. *Goichman*, 682 F.2d 1320, upheld the post-seizure hearings section 22852 provides, even in the absence of the pre-seizure hearing provided to Plaintiffs. The owner's decision to ignore multiple parking tickets and allow delinquent tickets to accumulate does not weaken any of these holdings. Plaintiffs fail to explain why any of these cases do not support this cross-appeal.

### III.   Plaintiffs Concede that the District Court Improperly Used Strict Scrutiny for Plaintiff's Equal Protection Claim.

Because Plaintiffs do not respond to, or otherwise address, the equal protection issue in the Third Brief, they conceded the issue. *LN Mgmt., LLC*, 957 F.3d at 950. (The failure "to respond meaningfully…to an appellee's argument waives any point to the contrary.")  Indeed, the term "equal protection" does not appeal in the Third Brief.  For all of the reasons the City discussed in the Second Brief, the Court should reverse the order below and either instruct the district court to review Plaintiffs' equal protection claim under a rational basis standard, or directly dismiss the claim on the grounds that it satisfies rational basis as a matter of law.  See Second Brief at 75-81.

### Conclusion

If the Court decides to reverse the judgment in some fashion, then it should address the issues raised in the City's cross-appeal to correct the erroneous law of the case.  In that case, the Court should: (1) partially reverse the summary judgment ruling for Fitzpatrick below and confirm that the City may seize illegally parked vehicles under the community care doctrine; (2) reverse the district court's erroneous Rule 12(b) ruling by dismissing Plaintiffs' procedural due process claim; and, (3) reverse the district court's erroneous Rule 12(b) ruling by either

dismissing Plaintiffs' equal protection claim or remanding the issue for the district court to apply a rational basis standard.

Respectfully submitted,

Dated:   October  29, 2025

> HYDEE FELDSTEIN SOTO, City Attorney
> KATHLEEN A. KENEALY, Chief Assistant City Attorney
> SHAUN DABBY JACOBS, Supr. Asst. City Attorney
> MICHAEL M. WALSH, Deputy City Attorney
>
> */s Michael M. Walsh*
>
> **MICHAEL M. WALSH**
> Deputy City Attorney
> Attorneys for Defendants, Appellees and Cross-Appellants
> City of Los Angeles, City of Los Angeles Department of
> Transportation, and Los Angeles Police Department

## Certificate of Compliance

Counsel of Record hereby certifies that the enclosed **APPELLEES REPLY BRIEF** produced using 14-point Roman type, including footnotes; that contains 5,225 words; and that its form and length complies with all aspects of FRAP 32 (a)(5) and (a)(7). Counsel relies on the word count of the computer program used to prepare the brief.

Dated: October 29, 2025

HYDEE FELDSTEIN SOTO, City Attorney
KATHLEEN A. KENEALY, Chief Assistant City Attorney
SHAUN DABBY JACOBS, Supr. Deputy City Attorney
MICHAEL M. WALSH, Deputy City Attorney

*/s Michael M. Walsh*
**MICHAEL M. WALSH**
Deputy City Attorney
Attorneys for Defendants, Appellees and Cross-Appellants
City of Los Angeles, City of Los Angeles Department of
Transportation, and Los Angeles Police Department